NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEAN PAPPAS; JOHANNAH
HETHERINGTON; NICOLE DOMKE;
MICHELLE ANDERSON; JANE
ANGELL, individually and on behalf of all
others similarly situated,

        Plaintiffs - Appellees,

  v.

AMN HEALTHCARE SERVICES, INC.;
KAISER FOUNDATION HEALTH PLAN,
INC.; KAISER FOUNDATION
HOSPITALS, INC.,

        Defendants - Appellants.

No. 25-473

D.C. No.
4:24-cv-01426-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted December 10, 2025
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

    AMN Healthcare Services, Inc., Kaiser Foundation Health Plan, Inc., and

Kaiser Foundation Hospitals (collectively, "AMN") appeal the district court's denial

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of their motion to compel arbitration of claims brought by Plaintiff-Appellees Jean Pappas, Johannah Hetherington, Nicole Domke, Michelle Anderson, and Jane Angell. We have jurisdiction under 9 U.S.C. § 16(a)(1) and reverse.

We review the denial of the motion to compel arbitration and the interpretation of contracts de novo. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017). We review findings of fact for clear error. *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021).

Under the Federal Arbitration Act, agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting 9 U.S.C. § 2). Courts must "place arbitration agreements on an equal footing with other contracts and enforce them according to their terms" unless those agreements fall afoul of "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Concepcion*, 563 U.S. at 339 (simplified).

Under California law, a contract provision may be unenforceable if "unconscionable at the time it was made." Cal. Civ. Code § 1670.5(a). "A contract is unconscionable if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party." *OTO, L.L.C. v. Kho*, 447 P.3d 680, 689 (Cal. 2019). "Both procedural and substantive unconscionability must be shown for the defense to be

established." *Id.* at 690. "The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." *Id.* (simplified). "Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Id.* (simplified).

The district court concluded that the employment contracts between AMN and Plaintiffs-Appellees were unconscionable based solely on the cost-allocation provision signed by the parties. It states, "[t]o the maximum extent permitted by law, the arbitrator shall award the prevailing party its costs and reasonable attorney's fees; provided, however, that the arbitrator at all times shall apply the law for the shifting of costs and fees that a court would apply to the claim(s) asserted." Plaintiff-Appellees argue that the cost-allocation provision is unconscionable because its language may suggest to an employee that they may be assigned the prevailing party's costs, a cost-shift prohibited by California law. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 687 (Cal. 2000) (arbitration agreements "cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear . . . in court").

Plaintiffs-Appellees have not established substantive unconscionability. To determine substantive unconscionability, courts look to "the fairness of an agreement's *actual terms*"—not the parties' subjective understandings—to

determine whether the terms are "overly harsh or one-sided." *Kho*, 447 P.3d at 690 (simplified) (emphasis added). Read in full, however, the contract provision here prevents an arbitrator from shifting costs in a manner contrary to the law applicable in California courts. So the provision does not permit violation of California cost-allocation rules.

Plaintiffs-Appellees argue that this court's decision in *Ronderos v. USF Reddaway, Inc.* suggests that substantive unconscionability may arise from the subjective misunderstandings of the parties. 114 F.4th 1080 (9th Cir. 2024). But there, we held only that a layperson's inability to understand the legal effect of the cost-allocation provision at issue contributed to *procedural* unconscionability and declined to address whether the provision was also substantively unconscionable. *Id.* at 1093. Here, Plaintiffs-Appellees have not identified a risk that the provision could, in effect, accomplish an impermissible cost award. And without showing substantive unfairness, they cannot establish unconscionability.

We **REVERSE** and **REMAND** to the district court for entry of an order granting the motion to compel arbitration.[1]

---

[1] Plaintiffs-Appellees' motion for judicial notice (Dkt. No. 33) is DENIED AS MOOT as it pertains to the issue of severance, which we need not—and do not—reach.